UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN LEE WILLIAMS,<br><br>    Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | 1:06-CV-00969 AWI LJO HC<br><br>ORDER DENYING PETITIONER'S MOTION TO AMEND THE PETITION WITHOUT PREJUDICE<br>[Doc. #10]<br><br>ORDER GRANTING PETITIONER LEAVE TO FILE A SECOND MOTION TO AMEND TO NAME A PROPER RESPONDENT |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On October 31, 2006, the undersigned issued an order advising Petitioner that the petition was deficient. In particular, the petition failed to name a proper respondent. Petitioner was granted leave to file a motion to amend the petition and name a proper respondent in order to avoid suffering dismissal of the action.

    On November 13, 2006, Petitioner filed a motion to amend the petition to name a proper respondent. However, in his motion Petitioner failed to name a respondent, such as the warden of his institution. In the caption of his motion, Petitioner names the respondent as "People of the State of California, et al., Ivan Clay, Respondent." As discussed in the previous order, it is inappropriate to name the People of the State of California as the respondent. Second, Petitioner has not identified Ivan Clay to the Court.

    Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326

1 (9th Cir. 1970); see also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976).
2 However, the Court will give Petitioner one final opportunity to cure this defect by amending the
3 petition to name a proper respondent, such as the warden of his facility. See West v. Louisiana, 478
4 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en
5 banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of
6 Washington, 394 F.2d 125 (9th Cir. 1968) (same). Petitioner may file a motion entitled "Second
7 Motion to Amend the Petition to Name a Proper Respondent" wherein Petitioner may name the
8 proper respondent in this action.

**ORDER**

10    Accordingly, Petitioner's motion to amend the petition is DENIED without prejudice, and
11 Petitioner is GRANTED twenty (20) days from the date of service of this order in which to file a
12 motion to amend the instant petition and name a proper respondent.  Failure to amend the petition
13 and state a proper respondent will result in a recommendation that the petition be dismissed for lack
14 of jurisdiction.
15 IT IS SO ORDERED.

16 **Dated:    November 29, 2006**               /s/ Lawrence J. O'Neill
b9ed48                                                     UNITED STATES MAGISTRATE JUDGE